HON. ARTHUR LEVITT State Comptroller
Article III, § 6 of the State Constitution provides for the payment to legislators of allowances for services rendered in relation to their services as officers of their houses of the Legislature or in special capacities therein. Section 3401 of the Internal Revenue Code (26 U.S.C. § 3401) defines the term "wages" to mean any remuneration for services performed by an employee for his employer, with certain exceptions not applicable here. The New York State Tax Law does not define wages for the purposes of withholding but the regulations of the State Tax Commission (section 160.3) specifically adopt the Federal definition of wages. The allowances paid to legislators are for services rendered to their employer, the State, a fact recognized by the opinions of the Court of Appeals and Appellate Division, Third Department, in New York Public Interest Research Group v.Steingut. Consequently, the allowances paid to the legislators are "wages" within the meaning of both Federal and State laws relating to income tax withholding.
Internal Revenue Code, § 3402 (a) and New York State Tax Law, §671 both require employers, including the State, to withhold income taxes from wages paid to their employees. I should also note that the employer is liable for the payment of the tax under both the Internal Revenue Code (§ 3403) and the New York State Tax Law (§ 675) and if the tax is not paid by the employee and the employer has failed to withhold, the employer or the person having the responsibility of making the return of the withheld tax is liable for the payment of the tax plus penalties and interest. Even if the tax is paid by the employee, the employer is still liable for penalties for failure to withhold. Such penalties, which could be collected against the officer or employee having the payroll responsibility, would equal 100% of the amount of the tax (Internal Revenue Code, § 6672). Willful failure to withhold is a felony under Federal law.
It should be noted that a distinction exists between the allowances provided under Article III, § 6, which are compensation for services rendered, and those provided to certain executive officers are as allowances in lieu of itemized expenses. In the latter case, the payments only become income to the extent that they exceed actual expenses and consequently are not subject to mandatory withholding.
I conclude, therefore, that the allowances paid to legislators for particular and additional services pursuant to Article III, § 6 of the State Constitution are within the definition of "wages" and consequently subject to requirement of mandatory withholding of taxes under both Federal and State law.